■ HERMAN STANSKI et al., Appellants-Respondents, v WILLIAM M. EZERSKY, Respondent-Appellant, et al., Defendants. [621 NYS2d 18] —Order, Supreme Court, New York County (Carol Huff, J.), entered August 24, 1994, which, in a legal malpractice action, insofar as appealed from, denied plaintiffs clients' motion for summary judgment on the issue of defendants-respondents attorneys' liability, unanimously modified, on the law, to the extent of finding that such defendants were negligent, and otherwise affirmed, without costs. Order, same court and Justice, entered March 17, 1994, which, insofar as appealed from, granted defendant Ezersky's motion to vacate his default in appearing for a court-ordered deposition upon condition that he appear for deposition and pay plaintiffs' counsel a sanction and order, same court and Justice, entered on or about August 24, 1994, which denied defendant Ezersky's motion for, *inter alia,* summary judgment dismissing plaintiffs' complaint, denied that portion of plaintiffs' cross motion to vacate the March 17, 1994 order, and denied, without prejudice, those portions of plaintiffs' cross motion seeking treble damages pursuant to Judiciary Law § 487 and for an order referring the matter of defendant Ezersky's conduct to the District Attorney, unanimously affirmed, without costs.

Attorneys owe their clients a nondelegable duty of care in the service of process once they have undertaken to commence an action *(Kleeman v Rheingold,* 81 NY2d 270). The traverse hearing in the medical malpractice action defendants attorneys undertook to commence in plaintiffs' behalf determined that service was not properly effected upon the hospital defendant and one of the physician defendants named therein, and there is no dispute that the Statute of Limitations subsequently ran, barring plaintiffs' claims against those parties. Concerning the third defendant in the malpractice action, another physician, it makes no difference whether defendants, as they assert, misnamed him, making it an exercise in futility to enter a default judgment against a nonexistent person, or failed to enter a default judgment against a properly named party within a year after the default, since in either case defendants were negligent. Accordingly, we limit the issues for trial to the extent of finding that the attorney defendants were negligent in failing to properly commence plaintiffs' medical malpractice action (CPLR 3212 [g]). Such a finding, however, is not enough to entitle plaintiffs to summary judgment on the issue of liability. In addition, plaintiffs

must demonstrate that they "would have prevailed in the underlying action * * * if the negligence had not occurred" *(Kleeman v Rheingold, supra,* at 278), and actual damages *(see, Lauer v Rapp,* 190 AD2d 778, 779). We have examined the "parties'" additional arguments raised on these cross appeals and find no basis for disturbing the balance of the August 24, 1994 orders or the other interlocutory orders brought up for review. Concur—Kupferman, J. P., Ross, Williams and Tom, JJ.