[Cite as *Harris v. Rossi*, 2018-Ohio-4573.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| FRED HARRIS, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants/ Cross-Appellees, | : | |
| | : | **CASE NO. 2017-T-0045** |
| - vs - | : | |
| MICHAEL D. ROSSI, et al., | : | |
| | : | |
| Defendants-Appellees/ Cross-Appellants. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2016 CV 00836.

Judgment:  Affirmed.

*Antonio S. Nicholson*, 3552 Northcliffe Road, Cleveland Heights, OH  44118; and *Eric L. Foster*, The Law Firm of McDonald Foster, LLC, 28501 Lakeshore Boulevard, Unit 55, Euclid, OH  44132 (For Plaintiffs-Appellants/Cross-Appellees).

*Randil J. Rudloff*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH  44482 (For Defendants-Appellees/Cross-Appellants).

THOMAS R. WRIGHT, P.J.

{¶1}   Appellant/cross-appellee, Forest Glen Properties, LLC, appeals the trial court's decision entering summary judgment in favor of appellees/cross-appellants Michael D. Rossi and Guarnieri & Secrest, PLL (collectively Rossi).  Rossi cross-

appeals from the judgment entry granting summary judgment as well as the trial court's decision overruling Rossi's motion for sanctions. We affirm.

{¶2} This is the second time this case has been before us. The first appeal concerned an award of attorney fees following the voluntary dismissal of the complaint. *Harris v. Rossi,* 11th Dist. Trumbull No. 2016-T-0014, 2016-Ohio-7163. We explained the procedural history in the prior case:

{¶3} "In 2005, [Fred] Harris contacted Rossi to pursue an action on behalf of Forest Glen Properties, LLC against the United States Department of Housing and Urban Development. [Rossi] filed the action in the federal court of claims on behalf of Forest Glen Properties, LLC. The case was ultimately dismissed in 2013 based on lack of subject matter jurisdiction. Harris was not a party plaintiff, but was one of two member owners of Forest. Harris advised Rossi that he wanted to appeal, but the time to appeal had passed.

{¶4} "In July 2014, Harris and Forest filed a malpractice suit against [Rossi] based on their alleged failure to timely notify appellants of the dismissal and their right to appeal. The malpractice complaint also asserted a breach of fiduciary duty claim.

{¶5} "[Rossi] moved for summary judgment against Harris only arguing that Harris was not its client, and as such, he had no cause of action. [Rossi] did not argue that Forest lacked capacity to sue in Ohio in its summary judgment motion or in its supplemental motion for summary judgment. [Harris and Forest] eventually responded to the summary judgment motion and subsequently voluntarily dismissed the lawsuit without prejudice before the trial court addressed the merits of Rossi's motions.

{¶6} "[Rossi] moved for attorney fees under Civ.R. 11 and R.C. 2323.51. The trial court magistrate held a hearing and awarded attorney fees and costs under R.C.

2

2323.51 only. She found Harris, Forest and their counsel jointly and severally responsible for Rossi's fees and costs." *Id.* at ¶2-5.

{¶7} Harris and Forest refiled their complaint before we issued our decision in the prior appeal, and this appeal arises from the refiled case.

{¶8} Fred Harris and Forest Glen Properties, LLC refiled their complaint in the Cuyahoga County Court of Common Pleas in April of 2016 alleging legal malpractice, breach of fiduciary duties, and breach of contract. The refiled case was transferred to the Trumbull County Court of Common Pleas pursuant to Rossi's motion to transfer based on improper venue.

{¶9} Following the transfer, Rossi moved the court for an order requiring Harris, Forest, and their attorney to pay costs and expenses associated with its motion to transfer.

{¶10} We issued our decision on September 30, 2016 affirming in part and reversing in part the trial court's award of attorney fees in Rossi's favor based on the frivolous conduct of Harris, Forest, and their attorney at the time. *Id.* at ¶60.

{¶11} Thereafter, in the present case, Fred Harris voluntarily dismissed his claims only.

{¶12} On December 21, 2016, the trial court granted Rossi's request to amend its answer instanter to include the affirmative defense that Forest Glen Properties LLC lacked the legal capacity to file suit in Ohio because its Delaware articles of incorporation had been canceled. This action was also in response to our prior decision.

{¶13} Rossi subsequently moved for summary judgment on statute of limitations grounds alleging that Forest's first suit was a nullity because it lacked capacity to file its

3

first lawsuit, and as such, it did not have the one-year right to refile under statute. Accordingly, Rossi claims the statute of limitations ran.

{¶14} Rossi filed a separate motion for summary judgment arguing that Forest cannot prove its claims because Forest did not identify an expert witness before the expiration of the trial court's expert witness deadline. Thus, without an expert, Rossi claims that Forest cannot show that a breach occurred or that but for Rossi's negligence, Forest would have been successful in its underlying case.

{¶15} On April 19, 2017, the trial court granted summary judgment in Rossi's favor based on Forest's lack of evidence establishing breach and proximate cause and overruled Rossi's motion based on statute of limitations. Both parties appeal.

{¶16} Forest raises one assigned error:

{¶17} "The trial court erred by granting Respondents' motion for summary judgment on the basis that: (1) Appellant was required to present expert testimony that an attorney has a duty to preserve a client's appellate rights, and (2) Appellant needed 'further information' other than statements of Respondent Michael D. Rossi to establish it would have prevailed on the underlying case."

{¶18} Appellate courts review decisions awarding summary judgment de novo. *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 191, 699 N.E.2d 534 (8th Dist.1997). We review the trial court's decision independently and without deference, pursuant to the standards in Civ.R. 56(C). *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993)

{¶19} Summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of

4

the nonmoving party, reasonable minds can reach only one conclusion adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999). The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996). If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial. *Id.*

{¶20} A "material fact" for summary judgment depends on the type of the claim being litigated. *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶21} "To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall*, 77 Ohio St.3d 421, 674 N.E.2d 1164, syllabus (1997); *Ratonel v. Roetzel & Andress, L.P.A.,* 147 Ohio St.3d 485, 2016-Ohio-8013, 67 N.E.3d 775, ¶6.

{¶22} It is undisputed that Rossi and Guarnari & Secrest represented Forest in its claim against HUD. It is likewise undisputed that Attorney Rossi and his firm did not receive from the clerk of courts a copy of the dismissal of Forest's complaint against HUD, and as such, it neither appealed nor notified Forest of the dismissal within the time to appeal.

5

{¶23} In their motion for summary judgment captioned "proximate cause," Rossi relies solely on Forest's lack of an expert and the passage of the trial court's expert deadline. This motion raises two grounds for summary judgment. Rossi argues that absent an expert, Forest cannot establish the standard of care and as such, cannot show that a breach occurred. Rossi also argues that without an expert, Forest cannot establish that it would have been successful on the merits of its appeal from the dismissal of its complaint against HUD.

{¶24} The trial court agreed with both arguments. It granted summary judgment in Rossi's favor, finding Forest lacked evidence establishing standard of care and breach, holding that "[w]hile Plaintiff summarily asserts that Defendants negligently failed to 'police' the Court of Claims docket, this Court cannot find under these circumstances that Defendants acted negligent as a matter of law, nor could an average juror, without expert testimony, infer that a reasonable attorney in a similar situation would have acted differently than Defendants."

{¶25} As for Rossi's proximate cause argument, the trial court held:

{¶26} "[T]here is virtually no information before this Court regarding the underlying case or the likelihood that Plaintiff would have prevailed on appeal. While Plaintiff has submitted a letter in which Defendant Rossi suggested that both he and opposing counsel in the underlying case believed Plaintiff would prevail on at least part of its claim, the letter predates the decision of the Court of Claims, which apparently believed otherwise * * *. Absent further information regarding the underlying case, this Court can find no support for Plaintiff's claim that it would have obtained a better outcome but for Defendants' negligence and thus suffered damages * * *."

6

{¶27} "In order to prove that a defendant breached a legal duty, a plaintiff must first demonstrate the standard of care from which the legal duty arises." *Brunstetter v. Keating,* 11th Dist. Trumbull No. 2002-T-0057, 2003-Ohio-3270, ¶19.

{¶28} As stated, each of Forest's claims stem from Rossi's failure to notify Forest about the dismissal of its complaint by the federal court of claims or its failure to timely appeal the dismissal. Forest's claimed damages for each of its claims is the adverse judgment against it, i.e., the dismissal of its complaint against HUD by the federal court of claims.

{¶29} Expert testimony is required to support allegations of legal malpractice in most cases. *Id.* at ¶16. The only exceptions are when the alleged negligent act is within the ordinary knowledge of a layperson or is so clear to constitute negligence as a matter of law. *Id.* citing *Bloom v. Dieckmann*, 11 Ohio App.3d 202, 203, 464 N.E.2d 187 (1983).

{¶30} Here, Rossi neither filed an appeal within the time to do so nor did Rossi notify his client within the time to appeal. However, Rossi confirms that he never received notice from the federal court of claims clerk of the adverse judgment against his client. Instead, Rossi learned about the dismissal of Forest's lawsuit only after checking the court's docket and only after the time during which to appeal had expired. These facts are unchallenged.

{¶31} In response to Rossi's summary judgment motion, Forest provides three reasons why it believes it does not need an expert witness to testify on its behalf. First, Forest claims that an attorney's failure to notify a client within the time to appeal and the failure to timely appeal an adverse judgment within the time to do so, constitutes apparent negligence within the ordinary knowledge of a layperson. Forest also

7

contends that Rossi essentially admitted that his conduct was erroneous, and as such, no expert witness is needed. Finally, Forest argues that Rossi's negligence was so clear to constitute negligence as a matter of law, and as such, no expert was required.

{¶32} We disagree with Forest's contention that Rossi admitted that his conduct was erroneous, and as such, it did not need an expert to establish the applicable standard of care and subsequent breach. Contrary to Forest's argument, Attorney Rossi testified that he did *not* commit malpractice. He stated on cross-examination:

{¶33} "Q  You did testify that you believed that there was no malpractice committed?

{¶34} "A  That is correct.

{¶35} "* * *

{¶36} "A  The complaint was dismissed.

{¶37} "* * *

{¶38} "Q  Okay.  And was there any amount of time in which that you could have appealed that decision?

{¶39} "A  I think it was 30 days

{¶40} "Q  Okay. And did you appeal that decision?

{¶41} "A  No.

{¶42} "Q  Why not?

{¶43} "A  I never got notice it was dismissed.  The clerk never sent me the final judgment notice.  I didn't know it was dismissed probably for months.  * * * And then I thought, * * * the appeal time runs when you're notified of the case disposition.  And sure enough, there's a rule in the Court of Claims that says no, that's no defense.  So that when I realized that it couldn't be appealed * * *.

8

{¶44} "* * *

{¶45} "Q Mr. Rossi, did you ever refer to the docket throughout the case?

{¶46} "* * *

{¶47} "Q There must have been some type of electronic docket to refer to. Or did you call the clerk to see if it had been ruled upon?

{¶48} "A No. I expected the clerk to do his job."

{¶49} Although Attorney Rossi testified that he missed the deadline to file an appeal, he did not admit that he committed malpractice. Rossi likewise did not state that his conduct fell below the applicable standard of care for an attorney in his situation. Thus, Forest's contention that it established the applicable standard of care and breach via Rossi's admission lacks merit.

{¶50} Notwithstanding, we agree with Forest's third contention that Rossi's alleged negligence was so clear to constitute negligence as a matter of law, and as such, no expert was required to establish the applicable standard of care and breach. Parties have a duty to check the docket. *Landmark Am., Inc. v. Jeries,* 11th Dist. Lake No. 2009-L-009, 2009-Ohio-6709, ¶28; *Maynard v. Maynard*, 8th Dist. Cuyahoga No. 43642, 1982 WL 2340 (Feb. 11, 1982) (appellant "was duty bound to keep abreast of the docket entries"); *In re Adoption of J.H.,* 9th Dist. Lorain No. 06CA008902, 2006-Ohio-5957, ¶8 (noting that it is "well established that the parties to the case have a duty to keep apprised of the progress of the case on the docket"). Thus, if a party has a legal duty to check the docket, that duty likewise extends to an attorney representing a party in pending litigation. *Holschuh v. Newcomb*, 11th Dist. Trumbull No. 2010-T-0129, 2011-Ohio-6205, ¶20, citing *Thomas v. Target Stores,* 11th Dist. Geauga No. 2009-G-2906, 2010-Ohio-1158, at ¶21.

9

{¶51} "'"The duty of an attorney to his client is to '* * * exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed."'" *Yates v. Brown,* 185 Ohio App.3d 742, 2010-Ohio-35, 925 N.E.2d 669, ¶ 17 (9th Dist.), quoting *Palmer v. Westmeyer,* 48 Ohio App.3d 296, 298, 549 N.E.2d 1202 (6th Dist.1988), quoting 67 Ohio Jurisprudence 3d, Malpractice, Section 9, at 16 (1986). Rule of Professional Conduct 1.3 states that '[a] lawyer shall act with reasonable diligence and promptness in representing a client.' A comment to this rule explains that '[d]elay and neglect are inconsistent with a lawyer's duty of diligence, undermine public confidence, and may prejudice a client's cause. Reasonable diligence and promptness are expected of a lawyer in handling all client matters and will be evaluated in light of all relevant circumstances. * * *' Comment 3, Prof.Cond.R. 1.3. Given these conduct standards, it follows that "'attorneys are expected to keep themselves advised of the progress of their cases.'" *Yoder v. Thorpe,* 10th Dist. Franklin No. 07AP–225, 2007-Ohio-5866, 2007 WL 3197394, ¶13, quoting *Metcalf v. Ohio State Univ. Hosp.,* 2 Ohio App.3d 166, 168, 441 N.E.2d 299 (10th Dist.1981); *Glick v. Glick,* 133 Ohio App.3d 821, 832, 729 N.E.2d 1244 (8th Dist.1999) (quoting the same)." *McCarty v. Pedraza*, 2d Dist. Clark No. 2013-CA-42, 2014-Ohio-3262, 17 N.E.3d 71, ¶8.

{¶52} In *Estate of Hards v. Walton*, 8th Dist. Cuyahoga No. 93185, 2010-Ohio-3596, the Eighth District noted two out-of-state cases in which a missed statute of limitations was sufficient to constitute legal malpractice as a matter of law: "*Kohler v. Woollen, Brown & Hawkins* (1973), 115 Ill.App.3d 455, 460, 304 N.E.2d 677 (holding attorneys liable for malpractice for missing wrongful death filing deadline); *Stanski v.*

10

*Ezersky* (App.1994), 621 N.Y.S.2d 18, 19, 210 A.D.2d 186 (finding negligent as matter of law attorney's missing of medical malpractice filing deadline)." *Id.* at ¶11.

{¶53} Here, Rossi's failure to keep himself apprised of the status of the case and missing a decision dismissing the case within the time to appeal is akin to an attorney failing to file a lawsuit within the applicable statute of limitations. Thus, we agree that an expert was not necessary as to standard of care and breach. *McCarty v. Pedraza*, *supra*, at ¶13. Upon construing the evidence most strongly in Forest's favor, reasonable minds may conclude that Rossi had a duty to check the docket and breached it. Accordingly, the trial court erred holding otherwise.

{¶54} Notwithstanding this error, Rossi also sought and was granted summary judgment based on Forest's lack of expert and consequential inability to establish the success of its appeal and underlying case.

{¶55} When proximate cause is in dispute, the merits of the malpractice case often depend on the merits of the underlying case and require a plaintiff to prove the merits of the underlying claim. *Eastminster Presbytery v. Stark & Knoll,* 9th Dist. Summit No. 25623, 2012-Ohio-900, ¶6, citing *Vahila, supra,* at 427-428. However, proving the "case within a case" is not required in every case. *Id.*

{¶56} "[T]he requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim. * * * However, we cannot endorse a blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter. Such a requirement would be

11

unjust, making any recovery virtually impossible for those who truly have a meritorious legal malpractice claim." *Id.*

{¶57} The Vahilas' legal malpractice action arose following the law firm's representation of them in several civil matters, the representation of Terry Vahila with respect to certain criminal charges, and the firm's representation of Terry during an Ohio Department of Insurance investigation. The Vahilas claimed damages as the result of the firm's negligent representations in the various civil, criminal, and administrative matters. They also asserted claims for emotional distress and a loss of consortium. *Id.* at 422.

{¶58} The Supreme Court in *Vahila* reversed summary judgment in the law firm's favor despite the lack of evidence establishing that the Vahilas would have been successful on the underlying claim. It held the case-within-a-case doctrine did not apply because the alleged cause of the damages flowing from the malpractice in *Vahila* was *not* success on the merits of Terry's criminal case, but counsel's failure to advise the Vahilas about the implications of Terry's criminal conviction elsewhere. *Id.* at 427.

{¶59} In *Environmental Network Corp. v. Goodman Weiss Miller, L.L.P.,* 119 Ohio St.3d 209, 2008-Ohio-3833, 893 N.E.2d 173, ¶17-18, the Supreme Court further explained,

{¶60} "in holding that not *every* malpractice case will require that the plaintiff establish that he would have succeeded in the underlying matter, the *Vahila* court necessarily implied that there are *some* cases in which the plaintiff must so establish. This is one such case.

12

{¶61} "Here, appellees' sole theory for recovery is that if the underlying matter had been tried to conclusion, they would have received a more favorable outcome than they obtained in the settlement." (Emphasis sic.) *Id.*

{¶62} The court in *Environmental Network* contrasted the case before it with the facts in *Vahila*:

{¶63} "[U]nlike the plaintiffs in *Vahila,* who sustained losses regardless of whether their underlying case was meritorious, appellees here could recover *only if* they could prove that they would have succeeded in the underlying case and that the judgment would have been better than the terms of the settlement. Thus, *the theory of this malpractice case places the merits of the underlying litigation directly at issue* because it stands to reason that in order to prove causation and damages, appellees must establish that appellant's actions resulted in settling the case for less than appellees would have received had the matter gone to trial." (Emphasis added.) *Id.* at ¶18.

{¶64} As stated, each of Forest's claims stem from Rossi's failure to notify Forest about the dismissal of its complaint by the federal court of claims, or its failure to timely appeal the dismissal. Forest's claimed damages for each of its claims is the adverse judgment against it. As in *Environmental Network,* the theory of Forest's malpractice against Rossi depends on the merits of its appeal as well as the merits of the underlying claim against HUD.

{¶65} Notwithstanding, Forest did not intend to present an independent expert witness to establish the merits of its appeal from the dismissal or to show the underlying merits of its court of claims case against HUD. Instead, Forest relied solely on a letter drafted by Attorney Rossi to Forest in August of 2008 in which Rossi sets forth his

13

opinion regarding the merits of the underlying claims. Rossi details a discussion with the attorney representing HUD and their unofficial "agreement" as to the merits of Forest's claims. It states in part,

{¶66} "We agreed in part that the Court would probably find in our favor on the first period and against us on the third period. Regarding the second period, I submitted that HUD offered the Receivers a contract and that, despite the absence of a signed contract, the Receivers performed, i.e., the housing was provided. [Attorney] McGriff countered that we never certified our applications for payment, a contract condition; that we weren't even close to meeting HUD's already-low standards of living; and that such constituted a material breach of our presumed contract, thereby excusing HUD's performance thereunder."

{¶67} Thus, Forest intends to use Rossi to testify to establish the merits of Forest's claims, thereby eliminating the need for an independent expert of its own. As Forest argues, we agree that this letter coupled with Rossi's testimony is some evidence creating a genuine issue of fact as to the merits of Forest's underlying claim against HUD.

{¶68} However, Forest fails to direct the trial court or this court to any evidence in the record showing it would have been successful in its appeal from dismissal by the court of claims. Absent evidence showing that Forest's appeal from the dismissal of its claims against HUD had merit, the potential success of its underlying claims against HUD are of no consequence. Accordingly, summary judgment was properly entered in Rossi's favor as a matter of law. Forest's sole assigned error lacks merit.

{¶69} Rossi asserts two assignments of error in their cross-appeal:

14

{¶70} "[1.] The trial court erred in denying appellee-cross-appellants' motion for attorney fees as sanctions under R.C. 2323.51(A)(II) and (III) and Ohio Civ.R. 3(C) based upon appellant intentionally refiling a legal malpractice action in Cuyahoga County, Ohio, a place of improper venue.

{¶71} "[2.] The trial court erred in denying appellees-cross-appellants motion for summary judgment on the basis that appellants' claims were barred by 2305.11(A)."

{¶72} Because we find that summary judgment was proper under Forest's sole assigned error, Rossi's second assigned error that alleges that summary judgment was warranted on an alternative basis is moot. App.R. 12(A)(1)(c); *In re Stapler*, 107 Ohio App.3d 528, 532, 669 N.E.2d 77 (8th Dist.1995).

{¶73} Rossi argues in their first assigned error that the trial court abused its discretion in failing to award attorney fees as sanctions under R.C. 2323.51 because Forest intentionally refiled its complaint in the wrong county, which constitutes frivolous conduct.

{¶74} Rossi moved the trial court for an order requiring Harris, Forest, and their attorney to pay costs and expenses pursuant to R.C. 2323.51 and Civ.R. 11, not Civ.R. 3. Rossi does not lodge error on appeal based on Civ.R. 11, and as such, we do not address it.

{¶75} The standard of review employed by an appellate court when reviewing rulings on R.C. 2323.51 motions varies and is contingent upon the basis for the trial court's decision. *Groves v. Groves*, 10th Dist. Franklin No. 09AP-1107, 2010-Ohio-4515, 2010 WL 3722641, ¶18, abrogated on other grounds by *Jacobson v. Kaforey,* 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203. Here, our standard of review is mixed since Rossi alleged that the conduct was designed merely to harass or maliciously

15

injure Rossi. *Crooks v. Consolidated Stores Corp.*, 10th Dist. Franklin No. 98AP-83, 1999 WL 52981, *3-4 (Feb. 4, 1999).

{¶76} The trial court's initial decision that Forest's conduct was not frivolous in this case was a factual determination, which we will not disturb where the trial court's findings are supported by competent, credible evidence. *Id.* However, upon finding frivolous conduct, the decision to assess a penalty for frivolous conduct lies within the trial court's discretion, and as such, we review the trial court's decision not to impose sanctions for an abuse of discretion. *Stevenson v. Bernard*, 11th Dist. Lake No. 2006-L-096, 2007-Ohio-3192, 2007 WL 1810487, ¶39; *State ex rel. DiFranco v. South Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶13.

{¶77} "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008-L-113, 2009-Ohio-2089, 2009 WL 1177050, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676–678, 148 N.E. 362 (1925). '* * * where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' [*State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784,] ¶67." *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

{¶78} Thus, absent a clear abuse of discretion, i.e., a finding that the trial court failed "to exercise sound, reasonable, and legal decision-making[,]" we must affirm. *Id.*

{¶79} R.C. 2323.51(B)(1) provides:

{¶80} "[A]ny party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses

16

incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct  * * *."

{¶81} Rossi claims that the conduct here was frivolous as defined in R.C. 2323.51(A)(2)(a)(i), which defines "frivolous conduct," in part, as:

{¶82} "(a) Conduct of [a] party to a civil action, * * * that satisfies any of the following:

{¶83} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation."

{¶84} As stated, Fred Harris and Forest Glen Properties, LLC refiled their complaint in the Cuyahoga County Court of Common Pleas after voluntarily dismissing their complaint that was pending in the Trumbull County Court of Common Pleas.  The refiled case was eventually transferred to the Trumbull County Court of Common Pleas on May 13, 2016 following Rossi's motion to transfer based on improper venue.

{¶85} Rossi then moved the trial court for an order requiring Harris, Forest, and their attorney to pay costs and expenses associated with Rossi's motion to transfer.

{¶86} At the hearing, Rossi established that the instant action was refiled in the Cuyahoga County Court of Common Pleas, which is none of the counties identified in Civ.R. 3(B)(1)-(11) as the proper venue.

{¶87} The testimony at the motion for sanctions hearing reveals that Forest and Fred Harris had different counsel in their prior case and appeal, and that Attorney Antonio Nicholson represented them at the time the case was refiled.  Nicholson testified that he was aware that the lawsuit he was filing was a refiled lawsuit that had

17

previously been pending in Trumbull County, Ohio. And at the time of his refiling the complaint in Cuyahoga County, Nicholson was aware that the defendant resided in and had his principal place of business in Trumbull County. In response to discovery, Nicholson advised that he refiled the suit in Cuyahoga County for the plaintiff's convenience since Harris lived there.

{¶88} However, Nicholson testified that the alleged malpractice that forms the basis for Forest's complaint arose via a lawsuit that was filed and dismissed by a federal court in Cuyahoga County. Nicholson explained that the malpractice occurred in Cuyahoga County because that was where Rossi failed to file the appeal. But upon being advised that the United States Court of Federal Claims is located in Washington, D.C., Nicholson retracted his statement that the HUD complaint had been filed and dismissed in a Cuyahoga County federal court.

{¶89} Thereafter, Nicholson still felt that filing suit in Cuyahoga County was acceptable since Fred Harris signed the attorney-client representation agreement in Cuyahoga County.

{¶90} Based on the foregoing, we find competent, credible evidence supporting the trial court's decision finding that Forest did not refile the suit in Cuyahoga County "merely to harass or maliciously injure" or for "another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation." R.C. 2323.51(A)(2)(a)(i). Moreover, because improper venue is an affirmative defense that is waived if not raised, we are reluctant to find that even the intentional filing of a complaint in the wrong venue constitutes frivolous conduct. Civ.R. 12(H)(1).

18

{¶91} In light of its no frivolous conduct finding, the trial court's decision not to award sanctions comports with reason and the record.

{¶92} Rossi also argues that the trial court erred in holding that Rossi should have sought its fees and costs from the transferor court, the Cuyahoga County Court of Common Pleas. As Rossi contends, the magistrate alternatively concludes that Rossi should have sought its costs and attorney fees from the Cuyahoga County Court of Common Pleas, and that it declines to extend R.C. 2323.51 and Civ.R. 11 to cover Rossi's allegations. The magistrate cites *Welfare Fin. Corp. v. Burd,* 4th Dist. Lawrence No. 1410, 1980 WL 351070, *1 (Aug. 6, 1980), for the proposition that Civ.R. 3(C)(2) authorizes only the transferor court, not the transferee court, to award costs and attorney fees following a motion to transfer based on improper venue. Because Rossi did not move for fees under Civ.R. 3(C), the trial court's findings are inconsequential dicta.

{¶93} Notwithstanding, Civ.R. 3(C)(2) states:

{¶94} "When an action is transferred to a county which is proper, the court may assess costs, including reasonable attorney fees, to the time of transfer against the party who commenced the action in a county other than stated to be proper in division (B) of this rule."

{¶95} We agree with Rossi's argument that a plain reading of Civ.R. 3(C)(2) permits either the transferee or transferor court to assess fees and costs. This finding is consistent with the Tenth District Court of Appeals. *State ex rel. Paul v. Ohio State Racing Com'n*, 60 Ohio App.3d 112, 574 N.E.2d 587 (10th Dist.1989), paragraph two of the syllabus; *Northwestern Ohio Bldg. & Const. Trades Council v. Conrad,* 10th Dist. Franklin No. 98AP-1287, 2000 WL 64303, *6 (Jan. 27, 2000), *reversed on other*

19

*grounds by Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad,* 92 Ohio St.3d 282, 2001-Ohio-190, 750 N.E.2d 130. Thus, the trial court erred as a matter of law upon finding that Rossi could not recover fees from it under Civ.R. 3, but instead should have sought its fees and costs from the Cuyahoga County Court of Common Pleas.

**{¶96}** However, Rossi's motion sought sanctions under Civ.R. 11 or R.C. 2323.51 as sanctions for frivolous conduct. For reasons unbeknownst, they did not move for fees under Civ.R. 3(C)(2) and this issue is waived. *Quick v. Jenkins,* 7th Dist. Columbiana No. 13 CO 4, 2013-Ohio-4371, ¶27 citing *Litva v. Richmond,* 172 Ohio App.3d 349, 2007–Ohio–3499, 874 N.E.2d 1243, ¶18 (7th Dist.). Thus, the trial court's erroneous holding that Civ.R. 3(C)(2) provided Rossi an avenue of relief *only* in Cuyahoga County was of no consequence and did not result in prejudice. And because its decision finding no frivolous conduct is supported by competent, credible evidence and not an abuse of discretion, Rossi's first assigned error lacks merit and is overruled.

**{¶97}** The trial court's decisions are affirmed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

20