[Cite as *Bressi v. Irwin*, 2021-Ohio-2550.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| JAMES BRESSI, | CASE NO. 2020-G-0271 |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the<br>Court of Common Pleas |
| JOHN R. IRWIN, et al., | |
| Defendants-Appellees. | Trial Court No. 2019 PTR 000306 |

# **O P I N I O N**

Decided: July 26, 2021
Judgment: Affirmed.

*Laura L. Mills* and *Pierce C. Walker*, Mills, Mills, Fiely & Lucas, LLC, 101 Central Plaza South, Suite 1200, Canton, OH 44702 (For Plaintiff-Appellant).

*Steven G. Janik* and *Audrey Bentz*, Janik LLP, 9200 South Hills Boulevard, Suite 300, Cleveland, OH 44147 (For Defendant-Appellee, John R. Irwin).

*Steven K. Kelley*, *Frank H. Scialdone,* and *Cara M. Wright*, Mazanec, Raskin & Ryder Co., LPA, 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (For Defendant-Appellee, Michael Ockerman).

MARY JANE TRAPP, P.J.

{¶1} Appellant, James Bressi, ("Mr. Bressi"), appeals the judgment of the Geauga County Court of Common Pleas, which granted appellees', John Irwin ("Dr. Irwin") and Michael Ockerman ("Mr. Ockerman") (collectively the "appellees") motions for summary judgment on Mr. Bressi's legal malpractice claims.

{¶2} Mr. Bressi raises two assignments of error, contending that the trial court erred in granting summary judgment on behalf of appellees as it pertained to proximate cause and damages.

{¶3} After a review of the record and pertinent caselaw, we find Mr. Bressi's assignments of error to be without merit. Whether appellees were negligent in failing to timely file an appeal of a prejudgment attachment order and failing to file a transcript of the hearing on the motions to discharge the attachment order is not at issue. What is at issue are the remaining necessary elements in any negligence claim - proximate cause and resultant damages.

{¶4} There is simply no evidence in this record to support a claim that appellees' negligence was the proximate cause of any identifiable loss. Mr. Bressi failed to provide rebuttal evidence to the appellees' affidavits in which they averred they made no act or omission which proximately caused Mr. Bressi any damage, and Mr. Bressi's expert offered no opinions regarding proximate cause and damages. Because Mr. Bressi failed to present a genuine issue of material fact that appellees' malpractice was the proximate cause of any loss, summary judgment was properly granted.

{¶5} The judgment of the Geauga County Court of Common Pleas is affirmed.

## Substantive and Procedural Facts

### The Underlying Litigation in which Appellees Represented Mr. Bressi

{¶6} Appellees were engaged to represent Mr. Bressi in various civil, criminal, and medical licensing board actions arising out of allegations from over 60 women that Mr. Bressi sexually assaulted them while providing medical services.

2

{¶7} Appellees represented Mr. Bressi in at least three cases, including *Thompson, et al. v. Summit Pain Specialists, Inc.*, Summit C.P. No. CV-2013-05-2353; *Prather v. Bressi*, Summit C.P. No. CV-2014-11-5047; and *Bressi v. Geiger*, Summit C.P. No. CV-2014-04-2198.

{¶8} In *Thompson*, six of Mr. Bressi's former patients filed suit in the Summit County Court of Common Pleas against Mr. Bressi, his medical practice, Summit Pain Specialists, Inc., and his medical practice partners, alleging claims of medical malpractice, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, violations under state and federal law for patient abuse, negligence under respondeat superior, and fraudulent transfer in violation of the Ohio Uniform Fraudulent Transfer Act.

{¶9} The Summit County court granted the plaintiffs' motion for a prejudgment attachment order and froze Mr. Bressi's assets, which included real and personal property, any intangible property including but not limited to "bank accounts, cash, stocks, bonds or other items in which he had a financial interest and that could be converted into cash, his share of stock in Summit Pain Specialists, Inc., and the sum of $100,000 cash that was being held as bond by the Summit County Clerk of Courts in his criminal case.

{¶10} After he was acquitted on 26 of the 27 charges in his criminal case, Mr. Bressi filed two motions to discharge the prejudgment attachment order, which included the $100,000 cash bond. *See State v. Bressi*, 9th Dist. Summit No. 27575, 2016-Ohio-5211, ¶ 6. In December 2016, the *Thompson* matter was settled. Over time, assets were released in various amounts in the different cases for settlement purposes and attorney fees.

3

{¶11} The appellees also represented Mr. Bressi in his appeal of the attachment order and motions to discharge the order in *Thompson v. Summit Pain Specialists, Inc.*, 9th Dist. Summit Nos. 27635 & 27638, 2016-Ohio-7030. The Ninth District noted that in his first, second, and fourth assignments of error, Mr. Bressi was substantively challenging the terms of the February 21, 2014 order of attachment and whether it was wrongfully obtained. The court dismissed those portions of his appeal, concluding they should have been timely appealed and that it lacked jurisdiction to consider the claimed errors. *Id.* at ¶ 9-10, ¶ 21-33. Further, Mr. Bressi failed to provide a transcript of the hearing on his motions to discharge the attachment. *Id.* at ¶ 31. In addressing his third assignment of error attacking the trial court's denial of his Civ.R. 60(B) motion for relief from judgment of the prejudgment attachment order, the court found that the trial court was correct in concluding that an acquittal on 26 of 27 criminal charges did not constitute newly discovered evidence that rendered the attachment order inequitable pursuant to Civ.R. 60(B)(2) or (4). *Id.* at ¶ 20.

### Cuyahoga Case No. CV-18-900588

{¶12} In 2018, Mr. Bressi filed a complaint in the Cuyahoga County Court of Common Pleas alleging three claims for relief: (1) negligence/breach of duty against both appellees, (2) breach of agreement against Dr. Irwin, and (3) intentional and malicious conduct (punitive damages) against Dr. Irwin. Dr. Irwin answered and asserted a counterclaim for $97,299.58 for unpaid attorney fees. He also filed a motion to transfer venue to Geauga County, which Mr. Ockerman joined. The Cuyahoga County Court of Common Pleas granted the motion in April 2019.

4

{¶13} In August 2019, the trial court issued a pretrial order requiring Mr. Bressi to submit his expert report by November 22, 2019. Mr. Bressi failed to do so.

{¶14} In December 2020, Dr. Irwin filed a motion for summary judgment, arguing that Mr. Bressi failed to support his claims with expert testimony. Attached to his motion was an affidavit in which he attested that: Mr. Bressi suffered no damages since all of his assets were returned, with the exception of those he agreed to turnover as part of a settlement with the victims; Mr. Bressi failed to establish any act or omission that was the proximate cause of any damages; and he did not deviate from the applicable standard of care. Dr. Irwin also later filed two "Motions to Join in Defendant Ockerman's Reply in Support of Motion for Summary Judgment."

{¶15} In January 2020, Mr. Ockerman moved for summary judgment, arguing that Mr. Bressi failed to allege a prima facie case for legal malpractice because he failed to produce the report of an expert to establish that appellees deviated from the proper standard of care.

{¶16} Mr. Bressi filed a brief in opposition to Dr. Irwin's motion for summary judgment, arguing that the untimely *Thompson* appeal was negligence per se, i.e., that Dr. Irwin fell below the requisite standard of care and that expert testimony was not required. Attached to the brief in opposition was an affidavit from his attorney, Thomas M. Wilson, which verified the authenticity of the *Thompson* appellate opinion. No additional evidentiary quality material was submitted.

{¶17} In April 2020, the court extended Mr. Bressi's deadline to produce an expert report until May 20, 2020. On that day, Mr. Bressi designated Attorney Charles J.

5

Kettlewell ("Mr. Kettlewell") as his expert. Mr. Kettlewell's report and affidavit were attached to Mr. Bressi's supplemental response in support of his brief in opposition to Dr. Irwin's motion for summary judgment. Mr. Kettlewell opined that both appellees fell below the standard of care because they failed to timely appeal the attachment order and, further, because they failed to file a transcript of the hearing on Mr. Bressi's motions to discharge on appeal.

{¶18} Mr. Bressi argued in his brief that any failure to produce an expert report is now "null and void"; expert witness evidence is not necessary to establish proximate cause in legal malpractice actions; the fact that appellees filed an untimely appeal is evidence that they had a "good-faith basis for doing so, demonstrating proximate cause"; and he suffered damages because the prejudgment attachment order included assets not permitted by law to be attached.

{¶19} The parties filed a flurry of motions, including supplemental motions, motions to join, replies and responses, which included two motions to strike: Dr. Irwin's motion to strike Mr. Bressi's supplemental brief and Mr. Bressi's motion to strike Mr. Ockerman's reply in support of his motion for summary judgment, both of which the trial court denied.

{¶20} On September 14, 2020, the trial court awarded summary judgment to appellees in separate judgment entries. After the trial court ruled on the summary judgment motions, Mr. Bressi filed a motion for reconsideration, or in the alternative, a Civ.R. 56(F) motion seeking a "stay" so he could conduct additional discovery. On October 10, 2020, the court issued nunc pro tunc judgment entries granting summary judgment to appellees, adding the language designating a final appealable order, "there

6

is no just reason for delay." Subsequently, Dr. Irwin voluntarily dismissed the pending counterclaim.

### Judgment Entry Granting Dr. Irwin's Motion for Summary Judgment

{¶21} As for Dr. Irwin's motion for summary judgment, the trial court found Mr. Bressi alleged that he entered into an attorney-client relationship with Dr. Irwin in 2013 and that he paid Dr. Irwin over $177,000 for representation in at least three cases, *Thompson*, *Prather*, and *Geiger*. Mr. Bressi filed claims for relief alleging that Dr. Irwin was negligent (legal malpractice), breached his contract, and owes punitive damages.

{¶22} In his first claim for legal malpractice, Mr. Bressi alleged that Dr. Irwin breached his duty to provide reasonable and/or adequate counsel by failing to timely file an appeal of the February 21, 2014 prejudgment attachment order and to object to the May 17, 2017 judgment entry in *Thompson*, in which the trial court ordered a partial release of the attachment to pay the settlement agreement in *Prather* and pay attorney fees to Dr. Irwin and Douglas Graf. He also alleged Dr. Irwin engaged in self-dealing.

{¶23} The trial court found that Dr. Irwin met his initial burden in the summary judgment exercise by showing that he exercised professional judgment when he averred that his representation was at or above the standard of care. The only breach of duty Mr. Kettlewell identified was Dr. Irwin's failure to timely appeal the attachment order. The trial court found that missing an appellate deadline is negligence as a matter of law, and, therefore, Dr. Irwin was negligent in that respect. However, the trial court also found Mr. Bressi failed to establish that Dr. Irwin's negligence was the proximate cause of the losses he suffered, i.e., he failed to provide evidence that he would have prevailed in the appeal but for Dr. Irwin's negligence. As for damages, the trial court determined Dr. Irwin met

7

his initial burden by averring Mr. Bressi suffered no damage, to which Mr. Bressi failed to provide rebuttal evidence.

{¶24} The trial court found Mr. Bressi's second claim for relief, breach of contract, was essentially a legal malpractice claim. It determined Dr. Irwin met his initial burden by averring his representation met the standard of care and proximately caused no damages to Mr. Bressi, to which Mr. Bressi failed to provide rebuttal evidence. Since Mr. Bressi submitted no evidence of damages, the trial court found his third claim for relief for punitive damages necessarily failed.

### *Judgment Entry Granting Mr. Ockerman's Motion for Summary Judgment*

{¶25} As for Mr. Ockerman's motion for summary judgment, the trial court found that Mr. Bressi alleged in his complaint that Mr. Ockerman's deficient representation caused him damages, citing the same breaches of duty the court noted in the judgment entry awarding summary judgment for Dr. Irwin.

{¶26} The trial court found that Mr. Ockerman averred his representation was at or above the standard of care, meeting his initial burden of showing that he breached no duty. The trial court determined Mr. Bressi met his rebuttal burden of a breach of duty on a single allegation, i.e., the filing of an untimely appeal was negligence as a matter of law. Mr. Kettlewell opined that the untimely appeal and failure to file a transcript on appeal were breaches of duty. Mr. Kettlewell, however, did not find that Mr. Ockerman breached any other duty.

{¶27} The trial court concluded that Mr. Bressi did not meet his burden on proximate cause or damages. Stated differently, Mr. Bressi did not establish that but for

8

Mr. Ockerman's failure to file a timely appeal, he would have prevailed on appeal and that he suffered losses as a result.

{¶28} Mr. Bressi raises two assignments of error on appeal:

{¶29} "[1.] The Trial Court erred in granting Summary Judgment on behalf of Appellees as it pertained to Proximate Cause.

{¶30} "[2.] The Trial Court erred in not finding damages caused by Appellees to Appellant."

## Summary Judgment Standard of Review

{¶31} We review de novo a trial court's order granting summary judgment. *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶ 9. "'A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law.'" *Id.*, quoting *Hapgood v. Conrad*, 11th Dist. Trumbull No. 2000-T-0058, 2002-Ohio-3363, ¶ 13.

{¶32} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt* [75 Ohio St.3d 280, 662 N.E.2d 264 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under

9

Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶ 40.

{¶33} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112[, 526 N.E.2d 798]." *Id.*

### Elements of a Legal Malpractice Claim

### *Duty and Breach of that Duty*

{¶34} To establish a claim for relief for legal malpractice based on negligent representation, a plaintiff must show: (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. *Vahila v. Hall*, 77 Ohio St.3d 421, 674 N.E.2d 1164 (1997), at syllabus. The plaintiff's failure to prove any one of these elements entitles the defendant-attorney to summary judgment. *Gijbertus D.M. van Sommeren v. Gibson*, 2013-Ohio-2602, 991 N.E.2d 1199, ¶ 23 (6th Dist.).

{¶35} The Supreme Court has further held that, "[g]enerally, expert testimony [is] required in regard to professional standards of performance"; however, where "the claimed breach of professional duty is well within the common understanding of the laymen on the jury," such testimony is not deemed necessary. *McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112, 113, 461 N.E.2d 1295 (1984).

### Burden Shifting

{¶36} Any analysis on burden shifting in a legal malpractice summary judgment exercise must begin with the standard set out in *Vahila* and the *clarification* of that standard announced in *Environmental Network Corp. v. Goodman Weiss Miller, L.L.P.*, 119 Ohio St.3d 209, 2008-Ohio-3833, 893 N.E.2d 173.

{¶37} At the outset, it is critical to note that the court's clarification in *Environmental Network Corp.* did not alter the burden placed on one bringing a legal malpractice action to establish proximate cause and resultant damages. In the context of this matter's summary judgment exercise, one opposing summary judgment has the reciprocal burden of producing evidentiary quality material demonstrating the existence of a genuine issue as to a material fact relevant to proximate cause and damages.

{¶38} In *Vahila*, the Supreme Court of Ohio determined that "depending on the situation, [a plaintiff may be required] to provide some evidence of the merits of the underlying claim," but the court declined to "endorse a blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter." *Id.* at 428.

{¶39} The plaintiffs in *Vahila* alleged losses of $100,000 and lost profits of at least $200,000. *Id.* at 422. Thus, the Supreme Court of Ohio held that "given the facts of [the]

11

case, [plaintiffs] have arguably sustained damage or loss regardless of the fact that they may be unable to prove that they would have been successful in the underlying matter(s)." *Id.* at 427. The court observed that "the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case." *Id.* at 427-428.

{¶40} In *Environmental Network Corp.*, the Supreme Court of Ohio clarified its decision in *Vahila*, observing that the *Vahila* court "rejected a wholesale adoption of a 'but for' test for proving causation and the mandatory application of the 'case-within-a-case doctrine.'" *Id.* at ¶ 16. However, "in holding that not *every* malpractice case will require that the plaintiff establish that he would have succeeded in the underlying matter, the *Vahila* court necessarily implied that there are *some* cases in which the plaintiff must so establish." (Emphasis sic.) *Id.* at ¶ 17. "'[D]epending on the situation, [a plaintiff may be required] to provide some evidence of the merits of the underlying claim' * * *." *Id.* at ¶ 15, quoting *Vahila* at 427-428.

{¶41} The *Environmental Network Corp.* court went on to explain when expert testimony is needed on the merits of the underlying litigation: "Here, appellees' sole theory for recovery is that if the underlying matter had been tried to conclusion, they would have received a more favorable outcome than they obtained in the settlement. Therefore, unlike the plaintiffs in *Vahila*, who sustained losses regardless of whether their underlying case was meritorious, appellees here could recover only if they could prove that they would have succeeded in the underlying case and that the judgment would have been better than the terms of the settlement. Thus, the theory of this malpractice case places the merits of the underlying litigation directly at issue because it stands to reason that in

12

order to prove causation and damages, appellees must establish that appellant's actions resulted in settling the case for less than appellees would have received had the matter gone to trial." *Id.* at ¶ 18.

{¶42} The Supreme Court of Ohio concluded, "This type of legal-malpractice action, then, involves the case-within-a-case doctrine. That is, the plaintiff must establish that he would have been successful in the underlying matter. In this type of action, it is insufficient for the plaintiff to present simply 'some evidence' of the merits of the underlying claim. To permit the plaintiff to present merely some evidence when the sole theory is that the plaintiff would have done better at trial would allow the jury to speculate on the actual merits of the underlying claim. Thus, in the case sub judice, appellees had the burden of proving by a preponderance of the evidence that but for appellant's conduct, they would have received a more favorable outcome in the underlying matter." *Id.* at ¶ 19.

### Proximate Cause

{¶43} In his first assignment of error, Mr. Bressi argues that the trial court erred in finding that he did not establish proximate cause and that he needed an expert witness to prevail because appellees' failure to file a timely appeal and a transcript on appeal is negligence as a matter of law.

{¶44} The duty of an attorney to his client is to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he or she has assumed. *Harris v. Rossi*, 2018-Ohio-4573, 123 N.E.3d 284, ¶ 51 (11th Dist.).

13

{¶45} Rule of Professional Conduct 1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client.' A comment to this rule explains that '[d]elay and neglect are inconsistent with a lawyer's duty of diligence, undermine public confidence, and may prejudice a client's cause. Reasonable diligence and promptness are expected of a lawyer in handling all client matters and will be evaluated in light of all relevant circumstances. * * *" Comment 3, Prof.Cond.R. 1.3. Given these conduct standards, it follows that attorneys are expected to keep themselves advised of the progress of their cases. *Id.*

{¶46} And while failure to timely file an appeal may be negligence as a matter of law, the client is still required to introduce evidence raising a genuine issue of material fact that the attorneys' negligence was a proximate cause of his loss.

{¶47} Mr. Bressi argues the trial court misapprehended the nature of his allegations and, thus, applied the wrong legal standard. He claims that the "timing of the appeal regarding the attachment," not the claims underlying the *Thompson* cases against him, is the crux of the legal malpractice." Mr. Bressi therefore contends he did not need to prove he would have been successful in the underlying *Thompson* litigation; that is, he was not required to meet the elements of what is commonly referred to as the "case within a case doctrine" because he "never raised the issue of settlement in the *Thompson* Litigation having a different result but for the negligence of Appellees."

{¶48} But, in fact, the trial court did not misapprehend the theory of this malpractice action. The trial court did not find that Mr. Bressi had to offer evidence that he would have prevailed on the merits of the *Thompson* case. Rather, the trial court correctly observed: "Mr. Bressi placed the merits of the February 21, 2014, attachment

14

order directly in issue; he must establish the attachment was overbroad or otherwise improper and he would have prevailed if the appeal had been timely." In other words, the attachment proceeding was the subject of the "case."

{¶49} In Mr. Bressi's case, the requirement of causation dictates that the merits of his malpractice claim depend on the merits of the underlying claim that the attachment was in some fashion wrongful or improvident. This cannot be determined without expert testimony.

{¶50} Thus, it bears repeating that when a plaintiff is claiming he would have been better off had the underlying matter been tried rather than settled, the standard for proving causation requires more than just "some evidence" of the merits of the underlying suit. *Environmental Network Corp.* at ¶ 21. Likewise, when a client claims that he would have been better off had an appeal been timely filed and properly supports his claim with a transcript of the proceedings below, the standard for proving causation requires more than just "some evidence" of the merits of the appeal. *Id.*

{¶51} We do not read the holding in *Environmental Network Corp.* to be limited to trial vs. settlement or to exclude its application to a claim that Mr. Bressi would have prevailed on his appeal of a prejudgment attachment order. "Where there is no reasonable possibility that a decision of a trial court in a civil case would have been reversed on appeal, an attorney who negligently fails to file a timely notice of appeal from the decision is not liable in damages to his client for malpractice." *Belfer v. Spiegel*, 18 Ohio App.3d 64, 480 N.E.2d 825 (8th Dist.1984), syllabus. Further, we agree with the trial court that the good faith arguments of counsel contained in the briefing in Summit County and the Ninth District Court of Appeals do not establish proximate cause, and Mr.

15

Bressi fails to cite any authority to so establish. A "good faith argument" is not akin to a successful appeal.

{¶52} Mr. Bressi failed to introduce any evidentiary quality material or affidavits regarding the merits of his interlocutory appeal. The evidentiary materials listed in Civ.R. 56(C) include "'the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.'" *Dresher* at 293, quoting Civ.R. 56(C). "'Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal burden of specificity for the non-moving party [outlined in Civ.R. 56(E) ].'" *Id.* at 294, quoting *Mitseff* at 115. Thus, pursuant to Civ.R. 56(E), "[w]hen a motion for summary judgment is made *and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings*, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." (Emphasis added.)

{¶53} Mr. Bressi's argument is devoid of discussion of proximate cause. It jumps from negligence as a matter of law to an assertion that since "he did not have access to the monies," he was damaged. The complaint against appellees does not contain any allegations as to proximate cause. His briefs in opposition to the motions for summary judgment are not supported by even his own affidavit outlining in what way the assets were "wrongfully attached" and what "assets were exempt."

{¶54} In the one piece of evidentiary quality material presented to the trial court, Mr. Kettlewell failed to opine as to proximate cause and any loss as a direct *and proximate*

16

Case No. 2020-G-0271

result of appellees' failure to file a timely appeal or provide a transcript on appeal. Without expert testimony, it cannot be determined whether: the untimely appeal of the prejudgment attachment order was a proximate cause of any loss to Mr. Bressi, in that the order of attachment was either wrongfully obtained pursuant to one of the grounds set forth in R.C. 2715.01; any of Mr. Bressi's property (as opposed to that of his wife or the trust) was exempt from attachment; or any other evidence supports the claim that the prejudgment attachment was unlawful.

{¶55} We agree with the trial court that Mr. Bressi failed to provide rebuttal evidence to the appellees' affidavits in which they averred they made no act or omission which proximately caused Mr. Bressi any damage. While it is clear appellees were negligent, there is simply no evidence appellees' negligence was the proximate cause of any loss. Because Mr. Bressi failed to raise a genuine issue of material fact that appellees' malpractice was the proximate cause of any loss, summary judgment was properly granted in their favor.

{¶56} Mr. Bressi's first assignment of error is without merit.

### Damages

{¶57} In his second assignment of error, Mr. Bressi contends the trial court erred in finding that he failed to provide rebuttal evidence that appellees' negligence caused him to suffer damages and attorney fees.

{¶58} Plaintiffs in legal malpractice cases must prove a causal connection between the attorney's malpractice and their damages. *Paterek v. Petersen & Ibold*, 118 Ohio St.3d 503, 2008-Ohio-2790, 890 N.E.2d 316, ¶ 39. When an attorney commits malpractice in a civil case, the lion's share of the damages derives from the lost claim.

17

Case No. 2020-G-0271

*Id.* at ¶ 28. The Supreme Court of Ohio has recognized that "'a plaintiff in a legal-malpractice case may seek other types of consequential damages, such as additional attorney fees incurred to correct the mistakes of the malpracticing attorney.'" *Id.*, quoting *Krahn v. Kinney*, 43 Ohio St.3d 103, 106, 538 N.E.2d 1058 (1989). Mr. Bressi, however, did not allege any other additional types of consequential damages. Thus, the focus of his damages is the value of the lost claim that the attachment was either wrongful or that the trial court failed to exempt assets from the attachment. "In proving what was lost, the plaintiff must show what would have been gained." *Id.* at ¶ 37.

{¶59} Mr. Bressi was required to produce some evidence that due to appellees' negligence, he suffered additional harm separate and apart from the prejudgment attachment itself. Mr. Bressi cannot simply rest on the incomplete allegations of his complaint and the arguments presented by his counsel in briefing before the Summit County Court of Common Pleas and the Ninth District Court of Appeals. As already noted, Civ.R. 56(E) clearly states "*an adverse party may not rest upon the mere allegations or denials of the party's pleadings*, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." (Emphasis added.) *See Dresher* at 294, quoting *Mitseff* at 115 ("It should be noted that placing * * * requirements on the moving party *does not mean* the nonmoving party bears no burden. Requiring that the moving party provide specific reason and evidence gives rise to *a reciprocal burden of specificity for the non-moving party* * * *") (Emphasis added.)

{¶60} Mr. Bressi's second assignment of error is without merit.

18

{¶61} The judgment of the Geauga County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

19