JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant, Image Concepts, Inc., appeals the trial court's denial of its motion for relief from judgment. Finding some merit to the appeal, we reverse the decision of the trial court and remand for an evidentiary hearing.
 {¶ 3} In 2006, Image Concepts filed a lawsuit in Garfield Heights Municipal Court against Ellen Pignatiello, the owner of the plaintiff-appellee company in the instant case, Mid American Ventures, Inc. ("Mid American"). That case was dismissed with prejudice in September 2006. On August 31, 2006, Mid American filed suit against Image Concepts in the same court. The court scheduled a replevin hearing on September 29, but Image Concepts filed its answer and counterclaim and requested a continuance.
 {¶ 4} The court scheduled a pretrial conference for November 3, and the docket reflects that the court emailed the attorneys the judgment entry scheduling the hearing. The entry indicated that "failure to appear may result in dismissal of any claim or entry or a default judgment against the party failing to appear." Neither Image Concepts nor its counsel appeared for the pretrial conference, and the trial court entered judgment in favor of Mid American and dismissed Image Concepts' counterclaim. The judgment entry stated that the entry was final and appealable. *Page 4 
The docket indicates that the final judgment entry was emailed to Image Concepts' attorney on December 6.
 {¶ 5} The owner of Image Concepts, Kerry Zorb ("Zorb"), avers that he was never informed by his attorney that the case he filed against Mid American had been dismissed. Zorb admitted that he received a copy of the complaint filed by Mid American against Image Concepts, but he thought the pleading was a counterclaim and merely part of the original lawsuit. Zorb further averred that after he asked his attorney to seek a continuance of the September 29 hearing, he heard nothing about the case until April 2007, when a court bailiff appeared at his office to serve a judgment entry and pick up personal property.
 {¶ 6} On May 30, 2007, Image Concepts filed a motion to vacate, arguing that its counsel never received notice of the November hearing. The trial court set a hearing on the motion to vacate, at which new counsel for Image Concepts appeared. Image Concepts' new counsel was granted leave to file a motion for relief from judgment, in which it again argued that prior counsel never received notice of the November pretrial or the final judgment. The trial court denied the motion for relief from judgment, without hearing or opinion.
 {¶ 7} Image Concepts appeals, raising two assignments of error for our review. In the first assignment of error, Image Concepts argues that the trial court erred in denying its motion for relief from judgment. In the second assignment of error, Image Concepts argues that the trial court erred in denying its motion without *Page 5 
conducting an evidentiary hearing. We will discuss the second assignment of error first, because we find it to be dispositive.
 {¶ 8} In order to prevail on a Civ.R. 60(B) motion, a movant must demonstrate that: 1) he has a meritorious claim or defense; 2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time. GTEAutomatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus. If any of these three requirements are not met, the motion should be overruled. Svoboda v.Brunswick (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648.
 {¶ 9} Image Concepts argues that the trial court erred in denying its motion without conducting an evidentiary hearing. In Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 103, 316 N.E.2d 469, we found, with respect to a hearing on a motion for relief from judgment, the moving party "has the burden of proof, [and] must present sufficient factual information to warrant a hearing on the motion." "Unless the movant's affidavit or other evidentiary material demonstrate grounds for the motion, the trial court does not abuse its discretion by denying the motion without a hearing. The evidentiary materials must present `operative facts' and not mere general allegations to justify relief."Hornyak v. Brooks (1984), 16 Ohio App.3d 105, 474 N.E.2d 676, at syllabus; see also Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564. Moreover, the trial court need not hold an evidentiary hearing if the movant fails to demonstrate all three elements of GTE. Yanky v. *Page 6 Yanky, Cuyahoga App. No. 83020, 2004-Ohio-489, citing Kay v. MarcGlassman, Inc., 76 Ohio St.3d 18, 1996-Ohio-430, 665 N.E.2d 1102.
 {¶ 10} Image Concepts sought relief from judgment under Civ.R. 60(B)(1), which provides, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (1) mistake, inadvertence, surprise or excusable neglect." Image Concepts argues that its absence from the November 2006 hearing was either inadvertent or excusable neglect because its counsel did not receive proper notice of the court's entry scheduling the hearing.
 {¶ 11} For the following reasons, we find that the trial court abused its discretion when it denied the motion without an evidentiary hearing because the record contains inadequate information for this court to review the issues of notice and the existence of a meritorious defense.
 {¶ 12} Civ.R. 58 requires that:
 "[w]hen the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete."
 {¶ 13} Civ.R. 5(B) requires that service upon an attorney or party "shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the *Page 7 
clerk of the court. The served copy shall be accompanied by a completed copy of the proof of service * * *."
 {¶ 14} The local rules of Garfield Heights Municipal Court set forth procedures by which attorneys may electronically file documents with the court. To be part of the court's electronic filing system, called "E-file," an attorney is required to purchase a software program, register with the clerk of court, and comply with Loc.R. 7, which defines electronic filing as follows:
 {¶ 15} "`Electronic filing' means the transmission of a digitized source document electronically via the Internet to the clerk for the purpose of filing the document and refers to the means of transmission or to a document so transmitted."
 {¶ 16} "Electronic mail," on the other hand, is defined as:
 {¶ 17} "messages sent by a user and received by another through an electronic service system utilizing the Internet. Any communication sent to the court by electronic mail is not considered a legal communication of any form and will not be received or ruled upon by a judge or entered into the court record."
 {¶ 18} Service is governed by Loc.R. 7(O), which provides that:
 {¶ 19} "Where an electronic mail address has been filed with the court by affixing the same to any document or by the filing of a separate notice of electronic mail address, service on the attorney or party by electronic mail shall constitute service pursuant to Ohio Civil Rule 5 * * *. Documents served electronically shall *Page 8 
contain proof of service setting forth the electronic mail address at which the attorney or party was served."
 {¶ 20} It is unclear from the record whether Image Concepts' attorney had registered to participate via the court's E-file system, although we note that none of the pleadings contain the attorney's email address. The docket reflects that the court "e-mailed" the judgment entry giving notice of the hearing to the attorney; however, there is no indication in the docket that the notice was sent to the attorney's specific email address. The record also does not reflect whether the attorney had filed an electronic mail address with the court. The judgment entry giving the notice of hearing contained a notation that it was electronically filed on October 13, 2006. However, the entry did not contain a proof of service that set forth the electronic mail address at which the attorney was purportedly served, as required by the local rules. The docket indicates only that the notice was emailed to the attorney, but no email address is found in the record.[1]
 {¶ 21} Thus, we find that a question remains as to whether Image Concepts' attorney received proper service of the judgment entry giving notice of the November 2006 hearing. Image Concepts presented sufficient factual information to warrant an evidentiary hearing on the notice issue. *Page 9 
 {¶ 22} Secondly, with respect to the "meritorious defense," element required in a Civ.R. 60(B) motion, a movant need only set forth an arguable position by which he can prevail on the claim should relief be granted. Moore v. Emmanuel Family Training Ctr (1985), 18 Ohio St.3d 64,67, 479 N.E.2d 879. In its motion for relief from judgment, Image Concepts argued that its meritorious defense is that it has a viable counterclaim against Mid American because the company owed Image Concepts money for work it had performed. In response, Mid American argued that Image Concepts' claim is barred by res judicata because the counterclaim filed in the instant case is identical to the claim made by Image Concepts in its original complaint against Ellen Pignatiello, which had been dismissed with prejudice.
 {¶ 23} In order for a claim to be barred on the grounds of res judicata, the new claim must share three elements with the earlier action: (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits. Omlin v.Kaufmann Cumberland Co., L.P.A., Cuyahoga App. No. 82248, 2003-Ohio-4069, citing, Horne v. Woolever (1959), 170 Ohio St. 178,163 N.E.2d 378.
 {¶ 24} The original lawsuit filed by Image Concepts named the owner of Mid American, Ellen Pignatiello, in her personal capacity. When Mid American filed suit, it named the corporation as the plaintiff, not Pignatiello. Thus, the issue of privity between Pignatiello and the company remains unresolved by the trial court. *Page 10 
 {¶ 25} We find that Image Concepts presented sufficient factual information to warrant an evidentiary hearing. Therefore, the trial court abused its discretion in denying the motion for relief from judgment without first holding an evidentiary hearing.
 {¶ 26} The second assignment of error is sustained. Because we are remanding for a hearing on the motion for relief from judgment, the issue of whether the court erred in denying the motion is not ripe for our review. Therefore, the first assignment of error is moot.
 {¶ 27} Accordingly, judgment is reversed and the case is remanded for proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] We also note that the final judgment entry awarding judgment to Mid American does not indicate that it was electronically filed. The docket indicates that the judgment entry was emailed to the attorney, but there is also no proof of service as required by the local rules, nor any indication that it was electronically filed. *Page 1