[Cite as *Hardesty v. Waugh Real Estate Holdings, L.L.C.*, 2022-Ohio-4270.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LAWRENCE E. HARDESTY, et al.

    Appellants

    v.

WAUGH REAL ESTATE HOLDINGS,
LLC, et al.

    Appellee

C.A. No.    30184

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2021-01-0132

DECISION AND JOURNAL ENTRY

Dated: November 30, 2022

CARR, Judge.

{¶1}   Appellants, Lawrence and Anna Hardesty, appeal the judgment of the Summit County Court of Common Pleas dismissing their complaint. This Court affirms.

I.

{¶2}   The Hardestys filed a complaint against Prime Asset Fund V, LLC ("Prime") seeking a declaratory judgment and to quiet title on a property located in Barberton, Ohio. When Prime did not file an answer, the Hardestys filed a motion for default judgment. After several months, the trial court issued a journal entry dismissing the complaint on the basis that the Hardestys had failed to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

{¶3}   The Hardestys filed a timely notice of appeal. Waugh Real Estate Holdings, LLC, successfully moved to be substituted as the Appellee in this matter on the basis that it became the current holder of the mortgage after the appeal commenced. Now before this Court, the Hardestys raise one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DISMISSING [APPELLANTS'] COMPLAINT SUA SPONTE WITHOUT NOTICE AND AN OPPORTUNITY TO BE HEARD OR AN OPPORTUNITY TO AMEND THEIR COMPLAINT.

{¶4} In their sole assignment of error, the Hardestys maintain that the trial court erred by dismissing their complaint without first giving them prior notice or providing them with an opportunity to amend their complaint. This Court disagrees.

Background

{¶5} The Hardestys' complaint contained the following allegations. The Hardestys own a property in Barberton, Ohio. In 2005, the Hardestys took out a loan from GMAC Mortgage Corporation that was secured by a mortgage on the property. In 2011, the mortgage was assigned to Prime. Prime subsequently filed a foreclosure action against the Hardestys. Prime failed to prosecute the lawsuit and the case was dismissed in 2013. Prime has not sought collection since the lawsuit was dismissed. The Hardestys claimed that Prime had forfeited its interest in the mortgage but had refused to release the mortgage. The Hardestys sought to have Prime's interest in the property declared "extinguished, forfeited, and void."

{¶6} As noted above, Prime was served with a copy of the complaint via certified mail but did not file an answer. The Hardestys filed a motion for default judgment.

{¶7} The trial court subsequently issued an order dismissing the complaint on the authority of Civ.R. 12(B)(6). The trial court observed that "[p]ursuant to the terms of the note and mortgage, [the Hardestys] are obligated to repay the principal of $85,000.00 in monthly installments, with interest, with the remaining balance due and payable on March 1, 2030. When all sums secured by the mortgage are paid, the lender shall discharge the mortgage." The trial

court stressed that, even accepting all of the factual allegations in the complaint as true, the Hardestys had not alleged that the note had been paid in full, which would necessitate a release of the mortgage. The trial court further observed that "[t]here is no requirement that [Prime] enforce its rights under the note and mortgage prior to the maturity date of March 1, 2030 or it forfeits its rights under the mortgage. No mortgage releasing event has occurred." Accordingly, the trial court dismissed the complaint on the basis that the Hardestys had not alleged facts that entitled them to relief.

## Discussion

{¶8} On appeal, the Hardestys cite both Ohio caselaw interpreting Civ.R. 12(B)(6) and federal caselaw interpreting Fed.R.Civ.P. 12(B)(6) in support of their position that the trial court erred in dismissing the complaint because the Hardestys were not given notice of the trial court's intent to dismiss and an opportunity to either respond or amend their complaint. Although the Hardestys acknowledge that it is not reversible error for the trial court dismiss a complaint when it is obvious that a plaintiff cannot prevail on the facts alleged, the Hardestys maintain that their complaint clearly stated a valid claim that Prime had forfeited its interest in the mortgage. The Hardestys further assert that Prime/Waugh is now barred from filing another foreclosure action under the statute of limitations set forth in R.C. 1303.16(A).

{¶9} This Court reviews an order dismissing a complaint pursuant to Civ.R. 12(B)(6) under a de novo standard of review. *City Mgt. Sys. v. Blakeley*, 9th Dist. Summit No. 21162, 2003-Ohio-524, ¶ 10.

{¶10} "A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint 'fail[s] to state a claim upon which relief can be granted.'" *Molnar v. Green*, 9th Dist. Summit No. 29072, 2019-Ohio-3083, ¶ 7, quoting Civ.R. 12(B)(6).

When analyzing whether a complaint states a claim upon which relief can be granted, all factual allegations must be presumed to be true and all reasonable inferences must be made in favor of the nonmoving party. *Perez v. Cleveland*, 66 Ohio St.3d 397, 399 (1993).

{¶11} "The Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints. Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." (Emphasis omitted.) *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). "The only instances [] when a sua sponte dismissal of complaint without notice is appropriate is when the complaint is frivolous or the plaintiff cannot succeed on the facts stated in the complaint." *Dunn v. Marthers*, 9th Dist. Lorain No. 05CA008838, 2006-Ohio-4923, ¶ 11.

{¶12} "[A] trial court properly dismisses a declaratory judgment action pursuant to Civ.R. 12(B)(6) where there is not a justiciable issue before the court." *Hudson v. Akron*, 9th Dist. Summit No. 28011, 2017-Ohio-7590, ¶ 10. "Thus, '[i]n an action for declaratory judgment, the trial court must declare the rights of the parties or dismiss the complaint because either (1) no real controversy or justiciable issue exists between the parties or (2) the declaratory judgment will not terminate the uncertainty or controversy.'" *Id*.

{¶13} A review of the record here reveals that the trial court did not err in dismissing the Hardestys' complaint. The trial court properly considered the allegations in the complaint prior to ruling on the Hardestys' motion for default judgment. *See Michael D. Tully Co., L.P.A. v. Dollney*, 42 Ohio App.3d 138, 141 (9th Dist.1987) ("A default judgment on a complaint which fails to state a claim should not be upheld."). Here, although the Hardestys attached a copy of the mortgage to their complaint, the allegations in their complaint made no mention of the mortgage terms. Instead,

the Hardestys claimed that they were entitled to a declaration that Prime had forfeited its interest in the mortgage because Prime failed to prosecute a foreclosure action in 2013 and had not sought collection since that time. The Hardestys did not allege that they had paid off the loan amount of $85,000 or that the terms of the mortgage had otherwise been satisfied. Because the Hardestys could not prevail on the facts stated in their complaint, the trial court did not err in dismissing the complaint without first providing notice. Furthermore, given that the Hardestys did not allege that the terms of the mortgage had been satisfied and the maturity date of the mortgage is not until March 1, 2030, the trial court did not err in dismissing the complaint given that there was not a justiciable controversy before the court.

{¶14} To the extent the Hardestys argue on appeal that Prime/Waugh is now outside its window to timely file a second foreclosure action under R.C. 1303.16(A), we note that the Hardestys made no mention of R.C. 1303.16 in their complaint. This Court is also mindful that the running of a statute of limitations does not discharge a debt but instead limits the remedies available. *U.S. Bank Natl. Assn. v. Robinson*, 8th Dist. Cuyahoga No. 105067, 2017-Ohio-5585, ¶ 10. It follows that there is no basis to conclude that the Hardestys alleged a set of facts that would have allowed them to prevail on their complaint in light of R.C. 1303.16(A).

{¶15} The Hardestys' assignment of error is overruled.

III.

**{¶16}** The assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JEFFREY T. WITSCHEY and KARAN A. MOSS, Attorneys at Law, for Appellants.

GREGORY A. STOUT, Attorney at Law, for Appellee.