**[Cite as *In re Estate of House*, 2023-Ohio-4348.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE: ESTATE OF SALLY C. HOUSE

C.A. No.     22AP0009

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2021 PB-E 000930

DECISION AND JOURNAL ENTRY

Dated: December 4, 2023

CARR, Judge.

{¶1}    Appellant, Gregory Chavers, appeals, pro se, the judgment of the Wayne County Court of Common Pleas, Probate Division.  This Court affirms.

I.

{¶2}    Sally C. House passed away on January 28, 2020.  More than a year later, Mr. Chavers filed an application to administer the estate in his capacity as the decedent's son.  Mr. Chavers simultaneously filed a motion to waive the filing fee on the basis that he was an indigent litigant.  Mr. Chavers attached an affidavit of indigency to his motion.  The trial court denied the motion to waive the filing fee on the basis that Mr. Chavers had failed to demonstrate good cause.  Mr. Chavers filed a motion to reconsider the order pertaining to court costs.

{¶3}    The matter proceeded to a hearing before a magistrate on Mr. Chavers' application.  Based on a number of admissions made by Mr. Chavers at the hearing, the magistrate issued a decision denying the application on the basis that Mr. Chavers was unsuitable to be appointed in a

fiduciary capacity. The trial court adopted the magistrate's decision the same day it was issued, September 29, 2021. The trial court scheduled another hearing date to allow any interested party wishing to administer the estate an opportunity to file an application.[1]

{¶4} Thereafter, Mr. Chavers filed several motions. On October 7, 2021, Mr. Chavers filed a motion for an extension of time to file objections to the magistrate's decision as well as a motion for the trial court to rule on his previously filed motion for reconsideration pertaining to court costs. Mr. Chavers then filed an amended motion to administer the estate. On October 18, 2021, Mr. Chavers filed objections to the magistrate's decision.

{¶5} On October 25, 2021, the trial court issued a series of journal entries ruling on Mr. Chavers' various filings. In the first journal entry, the trial court denied the motion for an extension of time on the basis that Mr. Chavers had failed to show good cause. In a second journal entry, the trial court dismissed the objections on the basis that they were untimely. In a separate journal entry, the trial court denied the amended motion to administer the estate as well as the motion for reconsideration regarding court costs.

{¶6} No other interested parties came forward to administer the estate at the final hearing.[2] The magistrate subsequently issued a decision ordering the case closed. Ten days later, the trial court independently adopted the magistrate's decision and ordered the case closed until such time that an interested party would take the necessary steps to reopen the matter.

---

[1] Ms. House had several other children.
[2] The record indicates that Mr. Chavers appeared at the final hearing.

{¶7} Mr. Chavers filed a timely notice of appeal.[3] On appeal, Mr. Chavers raises three assignments of error. This Court rearranges Mr. Chavers' assignments of error in order to facilitate review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DENIED APPLICANT ACCESS TO FILE [AS AN] INDIGENT VIOLATING [R.C.] 2323.311, AND LOST LEGISLATIVE INTENT, PURSUANT [TO] SUB. H.B. 595, IN ACCORD OH[IO] CONST[ITUTION], ART[ICLE I. [SECTIONS] 2 [AND] 16, PURSUANT TO U.S. CONST[ITUTION] AMEND[MENT] 14, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## ASSIGNMENT OF ERROR II

THE COURT MUST TAKE JUDICIAL NOTICE OF ALL FACTS OF THE [TRIAL] COURT'S ERRORS IN [] VIOLATION OF [R.C.] []2323.311 AND [R.C.] 2746.10.

{¶8} A recurring theme that runs throughout Mr. Chavers' merit brief is that his due process rights were compromised when the trial court failed to grant him indigent litigant status. In his first assignment of error, Mr. Chavers suggests that the trial court erred by denying his application to proceed as an indigent litigant. In his second assignment of error, Mr. Chavers asks this court to take judicial notice of errors made by the trial court in denying his application for indigent litigant status.

{¶9} R.C. 2323.311(A) defines an "indigent litigant" as "a litigant who is unable to make an advance deposit or security for fees or costs as set forth in a civil action or proceeding." R.C.

---

[3] A review of the docket reveals that, after Mr. Chavers filed his notice of appeal, he filed a motion for preparation of the transcript at the State's expense. The trial court denied the motion on the basis that the State was not a party to the case and all of the authority cited by Mr. Chavers pertained to criminal proceedings. Mr. Chavers filed a similar motion with this Court, which was also denied.

2323.311(B) requires a pro se litigant who wishes to qualify as an indigent litigant to file an affidavit of indigency in the court where the civil action was filed. R.C. 2323.311(B)(4) provides, in pertinent part, that "[i]f the application is approved, the clerk shall waive the advance deposit or security and the court shall proceed with the civil action of proceeding."

{¶10} Mr. Chavers' contention that he was denied access to the judicial system due to his indigent status is without merit. Although the trial court denied the requested relief with respect to the filing fee, the trial court did not dismiss Mr. Chavers' application to administer the estate. Instead, the matter proceeded to a hearing before a magistrate on Mr. Chavers' application. The magistrate then issued a decision ruling on the merits of the application. The trial court independently adopted the magistrate's decision. Thus, Mr. Chavers obtained a substantive ruling on his application and he cannot prevail on his argument that his due process rights were violated.

{¶11} Mr. Chavers' first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT DENIED APPLICANT'S RIGHT TO TIMELY FILE OBJECT[IONS] TO THE FINAL FINDINGS AND DECISION OF [THE] MAGISTRATE WHEN IT DELAYED SENDING OUT SEPARATELY, INSTEAD IT WAS FILED ALONG WITH THE FINAL JUDGMENT ENTRY OF THE JUDGE IN WHICH BOTH SHOULD HAVE BEEN MAILED SEPARATELY SO THAT[] APPLICANT HAD A CHANCE TO RESPOND[] PURSUANT TO CIV.R. 53.

{¶12} In his third assignment of error, Mr. Chavers seeks to challenge the trial court's denial of his application to administer the estate. Mr. Chavers' primary contention in support of his third assignment of error is that he was denied an opportunity to file objections to the magistrate's decision that was issued after the final hearing.

{¶13} As noted above, a magistrate made a determination that Mr. Chavers was unsuitable to administer the estate and the trial court adopted that magistrate's decision the same

day it was filed. Mr. Chavers did not file timely objections to the magistrate's decision that made a determination as to his suitability. Notably, Mr. Chavers' argument in support of his third assignment of error pertains to the magistrate's decision that ordered the case closed, not the magistrate's decision and subsequent trial court order that ruled on the merits of his application to administer the estate. In order to demonstrate reversible error on appeal, an appellant has the burden to demonstrate error as well as prejudice resulting from that error. *In re P.T.*, 9th Dist. Summit No. 24207, 2008-Ohio-4690, ¶ 17. Mr. Chavers has failed to demonstrate that he was prejudiced in this case. Even assuming arguendo that Mr. Chavers should have been given additional time to file objections to the magistrate's decision that was issued after the final hearing, Mr. Chavers cannot prevail on his assignment of error because he did not file timely objections to the magistrate's prior determination that he was unsuitable to administer the estate. Accordingly, he has forfeited that argument on appeal. *See* Civ.R. 53(D)(3)(b)(iv).

{¶14} Mr. Chavers' third assignment of error is overruled.

III.

{¶15} Mr. Chavers' assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

GREGORY A. CHAVERS, pro se, Appellant.