[Cite as *Carte v. Bank of Am., Natl. Assn.*, 2024-Ohio-4736.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| HEATHER CARTE | | C.A. No. 23CA012050 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BANK OF AMERICA, NATIONAL ASSOCIATION | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No. 22CV206692 |
| Appellee | | |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2024

CARR, Judge.

{¶1} Appellant, Heather Carte, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2004, Carte purchased a residential property located on West 30th Street in Lorain, Ohio. The property was secured by a note and mortgage that Carte executed in favor of the original lender, SouthStar Funding, LLC. The maturity date listed in the note was February 1, 2036. Carte ultimately defaulted on the note and foreclosure proceedings were initiated in March 2009. That same month, the note and mortgage were assigned to Bank of America, National Association. Thereafter, Bank of America moved to dismiss the foreclosure case without prejudice. Carte has remained in possession of the property in the years that followed.

{¶3} On August 10, 2022, Carte filed a quiet title action against Bank of America seeking to clarify the Bank's interest in the property. Specifically, Carte sought a declaration that any

interest of Bank of America in the property was extinguished, forfeited, and void. Bank of America filed an answer generally denying the allegations in the complaint and setting forth a number of affirmative defenses.

{¶4} Carte filed a motion for summary judgment. Bank of America filed its own motion for summary judgment. The trial court allowed the parties to fully brief the competing motions. On September 20, 2023, the trial court issued a journal entry granting Bank of America's motion for summary judgment and denying Carte's motion for summary judgment. In entering judgment in favor of Bank of America, the trial court stated that the mortgage remained valid and that there was no legal basis from which to declare the mortgage extinguished, forfeited, and void.

{¶5} On appeal, Carte raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT IN FAVOR OF APPELLANT.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE.

{¶6} Carte raises two assignments of error wherein she argues that the trial court erred both in denying her motion for summary judgment and granting the Bank's motion for summary judgment. This Court disagrees with both propositions.

{¶7} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any

doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id.* at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

<u>Background</u>

{¶10} The material facts in this matter are not in dispute. On December 29, 2005, Carte executed a note and mortgage in favor of SouthStar that was secured by the subject West 30th Street property in Lorain. The note had an original balance of $80,000 and a maturity date of February 1, 2036. Shortly thereafter, a loan modification agreement went into effect but the maturity date of the loan went unchanged. The last payment that Carte made on the loan was on

October 29, 2008. In light of Carte's default, Bank of America initiated foreclosure proceedings on March 6, 2009. The mortgage was assigned to Bank of America on March 10, 2009. The foreclosure proceedings were dismissed on Bank of America's motion on July 9, 2009. Bank of America did not pursue a subsequent foreclosure action and Carte has remained in possession of the property. Carte filed the instant quiet title action, arguing Bank of America's failure to release the mortgage clouded title on the property.

{¶11} In her motion for summary judgment, Carte argued that Bank of America was barred from enforcing its rights under the note and mortgage because of the amount of time that had elapsed since Carte's default. In addition to arguing that Bank of America was time-barred from pursuing either a personal judgment on the note or an action in foreclosure, Carte also argued that Bank of America was precluded from pursuing an ejectment action because it failed to assert an ejectment claim in responding to the complaint in this case.

{¶12} Bank of America filed its own motion for summary judgment. In addition to asserting that a quiet title action could not be used to defeat a consensual mortgage, Bank of America argued that the mortgage remained valid because a mortgage exists as a lien on real property for 21 years after its maturity date under R.C. 5301.30.

{¶13} In its September 20, 2023 order ruling on the competing motions for summary judgment, the trial court cited extensively to this Court's decision in *Hardesty v. Waugh Real Estate Holdings, LLC*, 9th Dist. Summit No. 30184, 2022-Ohio-4270. In *Hardesty*, this Court affirmed the dismissal of a declaratory judgment action pursuant to Civ.R. 12(B)(6) on the basis that a mortgage holder did not forfeit its interest in the subject property where the plaintiff had not

alleged that the terms of the mortgage had been satisfied and the maturity date on the mortgage had not yet come to pass. *Id*. at ¶ 13.[1]

**{¶14}** In denying Carte's motion for summary judgment, the trial court stressed that Carte had not satisfied the terms of the mortgage in this case and that the maturity date on the mortgage was not until 2036. The trial court concluded that "[a]s no mortgage cancelling event has occurred, the mortgage on the subject property remains valid." The trial court further cited *Hardesty* for the proposition that "the running of a statute of limitations does not discharge a debt but instead limits the remedies available." *Id*. at ¶ 14. In regard to this case, the trial court determined that "[r]egardless of whether a statute of limitations has expired[], the underlying mortgage is still valid, although the available remedies may be reduced."

**{¶15}** In granting Bank of America's motion for summary judgment, the trial court observed that, similar to the circumstances in *Hardesty*, this matter involved a consensual mortgage and that, absent satisfaction of the terms of the mortgage, Carte could not cancel a valid mortgage prior to the maturity date. Specifically, the trial court concluded that Carte had enjoyed the benefits gained from the note and mortgage and that she could not use a quiet title action to eliminate the lien that she voluntarily imposed on the property. The trial court further found Bank of America's argument pertaining to R.C. 5301.30 to be well taken and concluded that a mortgage remains a lien on the property for a period of 21 years after maturity. Finally, the trial court stated that while Bank of America may or may not have an avenue to enforce its rights by way of an

---

[1] Notably, given that *Hardesty* involved the dismissal of a declaratory judgment action pursuant to Civ.R. 12(B)(6), this Court's affirmance of the trial court's judgment was predicated on the conclusion that "the trial court did not err in dismissing the complaint given that there was not a justiciable controversy before the court." *Hardesty* at ¶ 13.

ejectment action prior to the maturity date of the mortgage in 2036, it was premature to address the viability of such a claim because Bank of America had not yet pursued an ejectment action.

Discussion

**{¶16}** Carte raises two assignments of error wherein she challenges the trial court's denial of her motion for summary judgment as well as the trial court's granting of Bank of America's motion for summary judgment. Carte attempts to frame the instant appeal in the context of an ongoing public policy dilemma where residential properties are left "in limbo" when mortgage holders, upon default, fail to assert their rights prior to the expiration of the relevant statutes of limitation. Carte raises four separate legal arguments in support of her position that the trial court's judgment should be reversed. This Court will address these arguments in the order that they are presented in Carte's merit brief.

**{¶17}** First, Carte argues that the trial court erred in relying on this Court's decision in *Hardesty* because, although the underlying facts in *Hardesty* are similar, the plaintiff in that case argued that the mortgage holder had forfeited its interest and did not raise an argument pursuant to the statute of limitations. Carte instead points to the Supreme Court's decision in *Hopkins v. Clyde*, 71 Ohio St. 141 (1904), and *Eastwood v. Capel*, 164 Ohio St. 506 (1956), in support of the proposition that a mortgagor may utilize a quiet title action to extinguish a mortgage holder's interest in an unreleased, time-barred mortgage.

**{¶18}** Carte's arguments with respect to our decision in *Hardesty* are not well taken. Although the trial court acknowledged certain procedural differences in *Hardesty*, it relied on *Hardesty* for the general proposition that a mortgage could not be deemed canceled in a quiet title action when no mortgage canceling event has occurred. As such, the trial court did not err in likening the facts of this case to *Hardesty* to the extent that "[p]laintiff has not alleged that she

satisfied the payments required under the mortgage or that the maturity date of the mortgage expired."

{¶19} Furthermore, Carte's reliance on *Hopkins* and *Eastwood* is misplaced. The issue before the high court in *Hopkins* was whether a party who had acquired his interest in the subject property from an heir of the original mortgagor/promisor could assert a statute of limitations defense in a foreclosure action and file a cross-petition on the same basis in order to quiet title on the property. *Hopkins*, 71 Ohio St. at 145-146. In *Eastwood*, the high court addressed the applicability of various statutes of limitation in the context of an ejectment action that was filed 26 years after the maturity date of the note and nearly 21 years after the last credit payment on the note was made. *Eastwood*, 164 Ohio St. at 507-508. Accordingly, neither *Hopkins* nor *Eastwood* is analogous to the instant case, where Carte sought a declaration canceling Bank of America's interest in the subject property where the maturity date on the note had not yet elapsed and the terms of the note had not been satisfied.

{¶20} Carte's second argument is that the trial court erred in concluding that the mortgage remained a lien on the property pursuant to R.C. 5301.30. Specifically, Carte argues that "R.C. 5301.30 does not purport to give life to an otherwise dead mortgage."

{¶21} R.C. 5301.30 states, in part, as follows:

> The record of any mortgage which remains unsatisfied or unreleased of record for more than twenty-one years after the date of the mortgage or twenty-one years after the stated maturity date of the principal sum, if a stated date of maturity is provided in the mortgage, whichever is later, secured as shown in the record of such mortgage, does not give notice to or put on inquiry any person dealing with the land described in such mortgage that such mortgage debt remains unpaid or has been extended or renewed. As to subsequent bona fide purchasers, mortgagees, and other persons dealing with such land for value, the lien of such mortgage has expired.

{¶22} Contrary to Carte's assertion on appeal, the trial court did not conclude that R.C. 5301.30 revived an otherwise canceled mortgage. Instead, the trial court recognized that the

mortgage at issue in this case, which was unsatisfied and unreleased at the time Carte filed her complaint, still existed as a lien on the property. The trial court stated that R.C. 5301.30 served to "plac[e] others on notice as to the existence of outstanding obligations in regard to the property." In the context of a case concerning a refiled mortgage, the Seventh District has observed that "R.C. 5301.30 does not concern a statute of limitations, but rather the expiration of a mortgage lien and what constitutes notice to a mortgagee of an extension or renewal of that mortgage by the mortgage creditor. It also deals with the priority of the mortgage creditor as to subsequent bona fide purchasers and mortgagees if the lien is not timely extended or renewed." *Rutana v. Koulianos*, 7th Dist. Mahoning Nos. 19 MA 0087, 19 MA 0120, 2020-Ohio-6848, ¶ 46. Here, the trial court did not err in concluding that R.C. 5301.30 retained its intended purpose of placing others on notice of the existence of a lien on the property.

{¶23} Carte's third argument is that the trial court erred in concluding that Bank of America could pursue a foreclosure action. Carte argues that Bank of America is time-barred from pursuing a foreclosure claim under the rule set forth in *Kerr v. Lydecker*, 51 Ohio St. 240 (1894). In the alternative, Carte argues that, even if *Kerr* is no longer good law, Bank of America is still time-barred from pursuing a foreclosure claim under R.C. 2305.06.

{¶24} Carte's argument fails to account for the reasoning set forth by the trial court in its judgment entry. In her complaint, Carte sought a declaration that Bank of America's interest in the mortgage was extinguished, forfeited, and void. The trial court denied Carte the requested relief and instead declared that the mortgage remained valid. In reaching this determination, the trial court quoted our decision in *Hardesty*, where this Court stated that "the running of a statute of limitations does not discharge a debt but instead limits the remedies available." *Hardesty*, 2022-Ohio-4270, at ¶ 14. The trial court observed that, "[r]egardless of whether a statute of limitations

has expired or not expired[], the underlying mortgage is still valid, although available remedies may be reduced." It follows that the trial court's judgment was not predicated on a determination that Bank of America could pursue a foreclosure action. Instead, the trial court concluded that whether Bank of America could pursue a foreclosure action was not determinative of whether the mortgage remained valid. "In order to demonstrate reversible error on appeal, an appellant has the burden to demonstrate error as well as prejudice resulting from that error." *In re Estate of House*, 9th Dist. Wayne No. 22AP0009, 2023-Ohio-4348, ¶ 13. Because the trial court's ruling was not predicated on a determination of whether Bank of America was time-barred from pursuing a foreclosure action, Carte has not demonstrated prejudicial error in this regard.

{¶25} Carte's final argument is that the trial court erred by suggesting that Bank of America could pursue an ejectment action. Carte asserts that an ejectment claim is a compulsory counterclaim that should have been asserted in this action.

{¶26} Carte's argument is without merit. The trial court's ruling regarding the validity of the mortgage was not predicated on whether Bank of America could pursue a claim for ejectment. The trial court noted that the parties had offered contrasting arguments in their summary judgment filings regarding whether an ejectment action was a potential avenue for Bank of America to enforce its rights. Ultimately, however, the trial court determined that it would be "premature and speculative" to resolve that issue "unless and until such a claim is actually brought by [Bank of America] in this matter or a subsequent filing." Accordingly, the trial court did not make a determination regarding the viability of an ejectment action and Carte has not demonstrated error in this regard.

{¶27} Carte's first and second assignments of error are overruled.

III.

**{¶28}** Carte's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

MARC E. DANN and ANDREW M. ENGEL, Attorneys at Law, for Appellant.

NATHAN H. BLASKE and CYNTHIA M. FISCHER, Attorneys at Law, for Appellee.