[Cite as *Adhikari v. Oli*, 2025-Ohio-251.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

NARESH ADHIKARI

    Appellee

    v.

JYOTI OLI

    Appellant

C.A. No.     31032

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2022-07-1934

DECISION AND JOURNAL ENTRY

Dated: January 29, 2025

---

HENSAL, Judge.

{¶1} Jyoti Oli appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that overruled her objections to a magistrate's decision. For the following reasons, this Court affirms.

I.

{¶2} Naresh Adhikari and Ms. Oli were married in 2017 in Nepal but later moved to the United States. In 2022, Husband filed a complaint for divorce. The complaint was served on Wife at her address in Illinois, and she filed an answer. The case was initially scheduled for a trial before a magistrate on May 18, 2023, and Wife moved to attend the hearing remotely. On May 8, 2023, the court rescheduled the trial for July 17, 2023. A notice was issued to Wife by email, but Wife did not appear for the rescheduled trial. On July 23, 2023, she moved for a continuance, which the magistrate denied. After the trial court adopted the magistrate's decision, Wife filed objections, which she supplemented after the trial transcript was prepared. The trial court found, however,

that Wife's supplemental objections were untimely. It overruled her initial objections but adjusted the timing of some of the provisions of the decree because of the time that had passed while the objections were pending. Wife has appealed, assigning as error that she did not receive proper notice of the proceeding dates.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY FAILING TO DELIVER THE HEARING NOTICE FOR THE COURT DATE OF 07/17/23. SECONDLY, THE TRIAL COURT ERRED BY PRESENTING THE WRONG ZOOM LINK FOR MAGISTRATE REBECCA DIDONATO HEIMBAUGH FOR THE COURT DATE OF 03/20/23.

{¶3} In her assignment of error, Wife argues that she did not receive notice of the trial date and that she was not provided correct instructions to attend a pretrial hearing remotely. She also contends in the argument section of her brief that she submitted her supplemental objections in a timely manner, but the clerk of courts returned them with instructions for resubmitting them. According to Wife, she timely resubmitted her supplemental objections, but the clerk of courts failed to docket them for three weeks after they were delivered, making them appear to have been filed late.

{¶4} Regarding the pretrial hearing, in November 2022, the trial court issued a scheduling order that set the trial for May 18, 2023, and a settlement conference for March 20, 2023. The record does not indicate whether a settlement conference occurred on March 20, but on May 9, 2023, the magistrate issued a new scheduling order that re-set the trial for July 17, 2023, and scheduled a settlement conference for June 26, 2023. Accordingly, even if Wife was unable to attend the initial settlement conference because of technology issues, she has not demonstrated prejudice.

{¶5} Regarding notice of the trial date, the record indicates that the court sent notice of the magistrate's May 9, 2023, rescheduling order to Wife by email. When Husband filed his complaint, he provided the court with an email address for Wife. Wife contends that the email address he provided is incorrect and that she does not have access to such an account. When Wife filed her answer, however, she provided the court with her correct email address. In her brief, Wife acknowledges that she received some emails from the court at the correct address. The record does not indicate which email address the clerk of court used when it sent the magistrate's rescheduling order.

{¶6} It is Wife's burden to demonstrate error by the trial court. *In re Estate of House*, 2023-Ohio-4348, ¶ 13 (9th Dist.) ("In order to demonstrate reversible error on appeal, an appellant has the burden to demonstrate error as well as prejudice resulting from that error."); *Mahoney v. Mahoney*, 2017-Ohio-7917, ¶ 9 (9th Dist.). Although Wife raised her notice argument in her objections to the magistrate's decision, it does not appear that she contacted the clerk of court's office to ascertain which email address it used when it sent the rescheduling order. In addition, as the trial court noted, the Ohio Supreme Court has explained that, once an individual has been made a party to an action, they have a duty to keep "advised of the progress of the case and of the dates of the hearing, including the date of the trial . . . ." *Lundstrom v. Lundstrom*, 2002-Ohio-7127, ¶ 22 (11th Dist.), quoting *State Farm Mut. Auto. Inc. Co. v. Peller*, 63 Ohio App.3d 357, 361 (8th Dist. 1989). Upon review of the record, we conclude that Wife has not established that she did not receive proper notice of the rescheduled trial date.

{¶7} Regarding Wife's supplemental objections, Civil Rule 53(D)(3)(b)(iii) provides that, if a party submits objections before a transcript is prepared, they may seek leave to file supplemental objections. The trial court noted that its local rules provide parties 14 days to file

supplemental objections after the transcript is filed. Wife, however, did not file her supplemental objections until 41 days after the transcript was filed.

{¶8} The trial transcript was filed on September 27, 2023. The supplemental objections Wife filed are time-stamped on November 7, 2023, but contain a letter dated October 8, 2023. The record also contains separately-filed exhibits to the supplemental objections, which are also time-stamped on November 7. The exhibits filing contains a letter dated October 25, 2023, which alleges that Wife's supplemental objections had been returned to her by the clerk's office with "instructions to write cover sheets, remove sticky notes and put those descriptions on cover sheets."

{¶9} According to Wife, she initially submitted her supplemental objections on October 10, 2023, which was within the local rule's 14-day deadline. They were returned to her on October 12, 2023, with instructions about removing sticky notes and providing a signed cover sheet. Wife asserts that she resubmitted her supplemental objections with those changes, but they were still not docketed until three weeks after they were delivered.

{¶10} The record does not contain any information that corroborates Wife's assertions about when she delivered her supplemental objections to the court. Her claim that she resubmitted her supplemental objections three weeks before they were docketed is belied by the letter dated October 25, 2023, which is only 12 days before her supplemental objections and exhibits were filed. We conclude that Wife has not established that the trial court erred when it refused to consider her supplemental objections.

{¶11} Upon review of the record, Wife has not demonstrated that she did not receive proper notice of any of the trial court proceedings or that the clerk of court failed to timely file any of her submissions. Wife's assignment of error is overruled.

III.

**{¶12}** Wife's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CONCURS.

FLAGG LANZINGER, J.
CONCURRING.

{¶13} While I acknowledge that the lead opinion reaches the correct result under the current state of the law, I write separately to address the inherent problems with that law.

{¶14} As the lead opinion acknowledges, the record does not indicate which email address the clerk of courts used when it sent the magistrate's rescheduling order to Wife. The record simply indicates that the clerk of courts issued an email to Wife on May 9, 2023.

{¶15} In its judgment entry overruling Wife's objections, the trial court acknowledged that Wife provided the clerk of courts with her correct email address when Wife filed a New Case Designation form on November 14, 2022. The trial court overruled Wife's objection regarding her lack of notice of the hearing, explaining that the docket indicated: "Notice Issued, Oli Jyoti[.]" The trial court did not indicate which email address the clerk of courts used when it sent the magistrate's rescheduling order to Wife. The trial court then cited case law for the proposition that, once a party has been properly served and made a party to an action, it is that party's responsibility to keep herself apprised of case proceedings and hearing dates.

{¶16} The onus should be on the clerk of courts to demonstrate which email address it used for service. Otherwise, like here, litigants cannot prove that they did not receive electronic service. If litigants cannot prove that they did not receive electronic service, then litigants suffer the consequences with no viable recourse.

{¶17} By comparison, litigants are required to provide proof of service of documents filed with the court before a court will consider the document. Civ.R. 5(B)(4) ("Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."). When utilizing electronic service, some courts require the proof of service to set forth "the electronic mail address at which the attorney or party was served." *Mid Am. Ventures, Inc. v.*

*Image Concepts, Inc.*, 2008-Ohio-457, ¶ 19 (8th Dist.), quoting Garfield Heights Mun. Court Loc.R. 7(O). A clerk of courts should likewise be required to set forth the specific email address it used for service on the docket.

{¶18} Additionally, the case law requiring litigants to keep apprised of case developments through the online docket is inherently problematic. Dates and times of hearings, trials, and other proceedings frequently change, often on short notice. Requiring litigants—some of whom are proceeding pro se and may not have ready access to the Internet—to frequently check the online docket is untenable. *See Summers v. Lancia Nursing Homes, Inc.*, 2017-Ohio-9218, ¶ 22-23 (7th Dist.) (acknowledging some of the difficulties with requiring litigants to check the online docket). That said, I acknowledge that this Court (and others) has stated that "[i]t is well established that the parties to the case have a duty to keep apprised of the progress of the case on the docket." *In re Adoption of J.H.*, 2006-Ohio-5957, ¶ 8 (9th Dist.); *Harris v. Rossi*, 2018-Ohio-4573, ¶ 50 (11th Dist.) (collecting cases). I also acknowledge that case law supports the conclusion that litigants are deemed to have constructive notice of hearing and trial dates when those dates have been entered on the court's online docket. *Greenhouse v. Anderson*, 2021-Ohio-4454, ¶ 13 (10th Dist.) (collecting cases). While I am troubled by the foregoing case law, I agree with the conclusion in this case given the current state of the law. Accordingly, I concur in the judgment.

APPEARANCES:

JYOTI OLI, pro se, Appellant.

NARESH ADHIKARI, pro se, Appellee.